## LEE v STATE

Ohio Appeals, 2nd Dist, Franklin Co

No 2139. Decided March 1, 1932

Isadore Margulis for plaintiff in error.
J. L. Davies, Columbus, and Wayne Fogle, Columbus, for defendant in error.

KUNKLE, J.

We have read the record and have also considered the briefs which have been filed by counsel.

The case resolves itself largely into a question of fact. There is quite a conflict in the testimony as to what occurred on the day in question. The case therefore also to a certain extent resolves itself into a question of the credibility of the witnesses. The credibility of the witnesses and the weight to be given their testimony are questions peculiarly within the province of the trial court. He saw the witnesses and had an opportunity to observe their demeanor when on the witness stand. A reviewing court is deprived of such opportunity.

If the testimony of the arresting officers, viz., Duncan and Ankrum, is fully accepted, and it seems to have been accepted by the trial court who saw the witnesses, then we think there is ample evidence in the record to warrant the conclusion that upon the approach of the officers plaintiff in error proceeded to pour certain liquid in the sink in her kitchen which was followed by adding thereto lysol or creosote for the purpose of concealing the contents so poured into the sink, and that the contents so poured into the sink was composed in part of corn liquor. The witness Ankrum on page 8 of the record testified as follows:

"Witness. (Continuing) Mighty little difference between that and creosote; she threw a pan towards the corner and I pushed her away from the sink. I drained the contents of the sink in that bottle there; that is part of the contents there; there was a little more than that.

"Q. Did you see the defendant Elizabeth Lee pour something into the sink. A. I did; yes, sir.

"Q. Did you smell the pan or taste it?

"A. The pan smelled of corn liquor, yes."

This witness further testifying in reference to the co-defendant Johnson, says:

"Witness (continuing) I asked him who the whiskey belonged to and the boy said, 'There wasn't but a little bit there' and he says, 'It was mine.'

"Q. By 'the boy' you mean the defendant George Johnson? A. Johnson, yes, sir."

The other officer also testified that Johnson stated that it was his whiskey.

Plaintiff in error took the stand and denied a substantial part of the testimony of the officers and Johnson took the stand and in a way qualified what the officers testified in regard to his statements. On page 15 Johnson stated the following:

"The witness, If they found any it would be mine; I said that to protect her."

His statement on the stand was to the effect that if the officers found any whiskey it was his and that he made that statement to protect her as he had no whiskey there.

The officer clearly testifies that there was corn liquor there and the conduct of the parties as disclosed by the record is such that we would not feel warranted in holding that the trial court erred in finding plaintiff in error guilty as charged in the affidavit. We have considered all the grounds of error urged by counsel for plaintiff in error, but finding no prejudicial error in the record, the judgment will be affirmed and cause remanded for such further proceedings as are provided by law.

ALLREAD, PJ, and HORNBECK, J, concur